IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50908
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JON HAROLD ROYAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(W-96-CV-221)
_____

June 16, 1998

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jon Harold Royal, federal prisoner #26464079, appeals the district court's denial of his 28 U.S.C. § 2255 motion. In the motion, Royal contends he received ineffective assistance of counsel because his attorney (1)did not timely inform him of the Government's plea agreement offer and stated that he would not represent Royal if Royal cooperated with the Government and (2) because his attorney failed to object to the admission of, and

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

request limiting instructions for, evidence of Royal's loansharking and prior drug activities.

In reviewing the decisions made by the district court on a 28 U.S.C. § 2255 motion, we review findings of fact for clear error and questions of law de novo. United States v. Faubion, 19 F.3d 226, 228 (5th Cir. 1994). Ineffective assistance of counsel claims raise mixed questions of law and fact and are reviewed de novo. Id.

A claim of ineffective assistance of counsel requires a petitioner to demonstrate by a preponderance of the evidence that his or her attorney's performance was deficient and that the deficient performance prejudiced his or her defense and led to a trial whose result is unreliable. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1992). After a careful review of the arguments and controlling authorities, we hold that Royal has failed to carry his burden of proving that he would have been able to satisfy the condition of the plea offer made by the Government. Therefore, Royal has not established that his attorney's performance prejudiced his defense.

The material that Royal contends that his attorney should have objected to was admissible. Royal's attorney was not ineffective for failing to object to such evidence. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990). The district court instructed the jury that the evidence of Royal's other criminal activities could

not be considered proof that he committed the crime for which he was on trial.  Therefore Royal's contention that his attorney should have objected to the trial court's failure to give a limiting instruction is without merit.  See Koch, 907 F.2d at 527.

AFFIRMED.